**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98 - 60118

MCARTHUR MCCULLY,

Petitioner - Appellant,

v.

JAMES V. ANDERSON, SUPERINTENDENT, MISSISSIPPI STATE PENITENTIARY;
MIKE MOORE, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI,

Respondents - Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
(1:96-CV-273-S-D)

October 13, 1999

Before JONES and WIENER, Circuit Judges, and WALTER, District Judge.[*]

WALTER, District Judge.[**]

Plaintiff / Appellant McArthur McCully appeals the ruling by Judge Senter in the Northern District of Mississippi denying McCully's petition for writ of habeas corpus on the ground that no federal constitutional rights were implicated by the actions of the state trial court. McCully asserts that the state trial court erred in preventing McCully from delving into his accuser's past history of drug use during McCully's cross-examination of his accuser. McCully further asserts that such evidence, if admitted, would have established that his accuser consented to sex, thereby defeating a critical element of the crime of rape.

McCully's appeal requires this Court to address the question whether 28 U.S.C.

---

[*]    District Judge of the Western District of Louisiana sitting by designation.

[**]    Pursuant to Fifth Circuit Rule 47-5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47-5.4.

§2254(d)(1), as amended by section 104(3) of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), applies to our review of McCully's appeal, or whether this Court must continue to apply and follow the United States Supreme Court's standard of review in habeas cases for trial errors articulated in Brecht v. Abrahamson, 507 U.S. 619, 631 (1992) . Holding the AEDPA applies, we conclude that it bars relief because the state court's decision on McCully's claim was neither "contrary to, [n]or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). We therefore affirm the district court's denial of McCully's habeas petition.

## I. Factual and Procedural Background

McCully's habeas petition arises from his conviction for the crime of rape in the Circuit Court of Winston County, Mississippi in November, 1993. On November 16, 1993, McCully was sentenced to thirty years imprisonment in the custody of the Mississippi Department of Corrections. McCully appealed his conviction and sentence to the Mississippi Supreme Court which affirmed both and found that although the trial court erred in limiting the cross-examination, the error was not reversible.[1]

Testimony at McCully's trial established that on September 26, 1992, McCully and four male friends were patrons at a local establishment, Willie Earl's Cafe. Jane Doe[2] was also at Willie Earl's Cafe with a friend, Patricia Cooper. As McCully and his friends were leaving the establishment, Doe asked McCully to give her a ride to catch up with Cooper, who had just driven out of the parking lot. Doe testified that she asked McCully to turn down a particular road to follow Cooper's car, but McCully refused. An exchange of words between McCully and Doe prompted McCully to stop the truck. Doe and another passenger got out of the vehicle and began walking down the road. McCully then returned, picked them both up, and the group headed into

---

[1]    McCully v. State, 675 So.2d 328 (Miss. 1995), reh'g denied, Dec. 29, 1995, cert. denied, Feb. 15, 1996 (Cause No. 94-KA-00145-COA).

[2]    Consistent with the policy of the Mississippi Court of Appeals, the rape victim will not be identified by her actual name. "Jane Doe" will be substituted as a pseudonym.

town to purchase gas. Doe testified she contributed money for the gas since McCully was going to take her home. All of McCully's passenger's, except Doe, were dropped off in and around town prior to his taking Doe home.

Doe testified that, on the way home, McCully asked her to engage in sex. When she refused, he told her that he would take it. He then stopped the car and raped her. Doe also testified that both prior to the rape and on the way to Doe's house, McCully referenced a gun in his glove compartment and threatened to use it.

After McCully dropped Doe at her home, she caught a ride with a neighbor to her sister's apartment. From her sister's house, Doe contacted the police and was sent to the emergency room for a rape kit.

McCully admitted on the stand that he had had sex with Doe, but claimed the sex was consensual. McCully testified that Doe offered to trade sex for drugs. McCully further testified that after having sex, he informed Doe that he did not have the drugs or the money to purchase them, and at that point, Doe threatened to charge him with rape.

## II. Discussion

This Court finds, as a preliminary matter, that the petition implicates federal constitutional rights under the Confrontation Clause of the Sixth Amendment, even if the state trial court's error was not so pervasive as to implicate due process. The magistrate's recommendation to deny habeas relief, which was adopted by the district court, concluded that the decision of the trial court to disallow cross-examination regarding the witness' past drug use was a matter of state evidentiary law not cognizable in habeas corpus. McCully asserts that the evidentiary ruling did implicate his right to confront witnesses as guaranteed by the Sixth Amendment. While it is true that "errors of state law, including evidentiary errors, are not cognizable in habeas corpus as such,"[3] such errors may also implicate federal constitutional rights. The district court found no

---

[3]    Derden v. McNeel, 978 F.2d 1453, 1485 (5th Cir. 1992) (citations omitted) (noting that cumulative errors of state law may rise to the level of denial of due process).

3

due proces violation in the limitation on cross-examination, but did not consider the Sixth Amendment right to confrontation.

Although trial judges are afforded "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examinations,"[4] that does not mean federal rights simply are not involved. The trial court's ruling may not have implicated due process rights of fundamental fairness, but it did implicate federal rights under the Sixth Amendment.

Under the AEDPA, a writ of habeas corpus filed on behalf of a person in custody may not be granted for a claim adjudicated on the merits in a state court unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law ...."[5] This Court has previously interpreted the "unreasonable application" standard, applied to mixed questions involving the application of law to facts, to mean that habeas relief can be granted "only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists."[6] In the case before this Court, reasonable jurists could - and have - debated the correctness of the state court decision to limit defendant's cross-examination of his accuser.

After reviewing the record *in toto*, this Court finds that the state court judge's decision to limit Doe's testimony was not an unreasonable application of clearly established Federal law. Therefore, the judgment of the district court is **AFFIRMED**.

---

[4]     United States v. Tansley, 986 F.2d 880, 886 (5th Cir. 1993).

[5]     28 U.S.C. § 2254(d)(1) (Supp. 1998).

[6]     Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996).